THE NATIONAL CITY BANK OF NEW YORK, Petitioner, v. DISTRICT COURT OF HUMACAO, Respondent.

No. 933.   Argued November 6, 1933.—Decided November 28, 1933.

*E. T. Fiddler* and *José G. González* for petitioner. *L. Llorens Torres* for plaintiff in the main action.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The question involved in this case is whether the attachment (*aseguramiento de sentencia*) decreed by the District Court of Humacao could have been ordered, as it was ordered, without bond and directing the stay of the public sale and the delivery to the plaintiff of the possession of the property to be sold.

The writ of certiorari sought was issued and the interested parties filed briefs and submitted oral arguments. One of the grounds on which the plaintiff in the main action relies to ask this court to discharge the writ issued, is that the district judge was not given an opportunity to determine in the first instance the questions now raised for the first time before this Supreme Court. He cites *Las Monjas Racing Corp.* v. *District Court,* 40 P.R.R. 282, 284, wherein this court speaking through Mr. Justice Wolf said:

"Under the Act of March 10, 1904, this court is empowered to issue writs for certiorari where the procedure is not according to the course of the law. Experience and custom have shown that the writ should be sparingly issued. Even more sparingly should a resort to our power be made before the questions sought to be elucidated have been freely submitted to the court below for decision. As a general rule, even where the procedure is not according to law, the court below should be given an opportunity to correct an improvident action before recourse is had to this court."

We have ascertained from the briefs and the oral arguments that the questions involved are of importance, and from

the record, that the district court did not have an opportunity to decide them after a proper hearing.

It is true that the district court in its order positively stated that it decreed the attachment (*aseguramiento*) without bond because the motion was based on an authentic document, a chattel mortgage; and that the nullity of the proceeding brought to foreclose the same was sought on the ground that the act authorizing it is unconstitutional and that really no solidary obligation was involved, as appeared from the document itself. But that was declared by the court on the same day that the action was commenced and the attachment sought, and without hearing the adverse party.

Another of the arguments adduced by said plaintiff to request that the writ of certiorari issued be discharged, is that the ordinary remedy of appeal from the order of the district court complained of by the plaintiff bank was available, and that in addition there existed the proceeding afforded by the Act to secure the effectiveness of judgments, which was really the proper one to determine in the court *a quo* the question raised.

Indeed, section 14 of the Act to secure the effectiveness of judgments of 1902 expressly provides that—

"All allegations made by either party in the course of the proceedings regarding the remedy, shall be substantiated, notifying the other party by means of a summons to appear before any of the judges, each party having then an opportunity to produce their proofs. The court shall immediately decide the question, but in no case shall the incidental questions interfere with the course of the proceedings in the principal question or suit. Not more than five days shall elapse between the time the summons is served, and the appearance of the parties at the hearing, which shall not be suspended for any reason."

The legislature foresaw the case, and the procedure which it fixed is the one to be followed unless very special circumstances, which are not now present, should demand the immediate intervention of this court by means of an extraordinary remedy.

We say that those very special circumstances are not present in the instant case, because it seems to us that the mortgage contract itself and the act authorizing it gives such a guaranty for the preservation of the mortgaged property that the debtor could hardly afford to evade the same.

In whatever aspect the case may be regarded, the logical and just decision that is imperative is to discharge the writ of certiorari issued and remand the case to the district court *a quo* for further proceedings therein according to law. If the petitioner insists in its contentions, it may raise before that court the question or questions which it has presented to us, and thus said court not only would have the opportunity to decide them, as it should, in the first instance, but also be in a better position than we are therefor, since the introduction of evidence is permissible at the hearing authorized by the special act on the subject.

Mr. Justice Córdova Dávila took no part in the decision of this case.